IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MĀLAMA MĀKUA, a Hawai`i non-profit corporation, | ) ) ) | CIVIL NO. 09-00369 SOM/LEK |
| Plaintiff, | ) ) ) | ORDER AFFIRMING FEBRUARY 4, 2010, DISCOVERY ORDER |
| vs. | ) ) | |
| ROBERT GATES, Secretary of Defense; and JOHN McHUGH, Secretary of the United States Department of the Army, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER AFFIRMING FEBRUARY 4, 2010, DISCOVERY ORDER

I.       INTRODUCTION AND BACKGROUND.

        Defendants appeal a February 4, 2010, discovery order filed by Magistrate Judge Leslie E. Kobayashi.  For the reasons set forth in that order, and because Defendants fail to demonstrate that the order is clearly erroneous or contrary to law, this court affirms.

        In ruling on Defendants' Motion to Dismiss filed earlier in this case, this court explained the current dispute:

        This case is an offshoot of a complaint originally filed in Civil Number 00-00813 SOM on December 20, 2000.  The major issue in that complaint was whether Defendants had to prepare an environmental impact statement ("EIS") addressing the effects of military training with live ammunition at the Makua Military Reservation ("MMR") in West Oahu, Hawaii.

        On October 4, 2001, the parties entered into a Settlement Agreement and Stipulated

Order, dismissing an amended complaint with prejudice.  The Complaint in the present case alleges that, as part of the extensive 2001 settlement agreement, the Army agreed to "diligently pursue completion of an EIS" for proposed military training.  <u>See</u> Complaint for Declaratory Judgment and Injunctive Relief ¶ 19 (Aug. 12, 2009).  In connection with completing the EIS, the Army agreed to fill in gaps in existing knowledge by conducting various studies.  <u>Id.</u> ¶ 21.  These studies pertained to potential contamination of soil, air quality, and surface and ground water.  Mālama Mākua alleges that the Army was required to evaluate the potential for contamination beyond the boundaries of MMR. <u>Id.</u> ¶ 22.

Mālama Mākua says that, if the initial contamination studies revealed a likelihood that pollutants were being transported beyond MMR, the Army was supposed to conduct additional studies, testing for contamination of "fish, limu [a type of seaweed] and other marine resources on which area residents rely for subsistence."  <u>Id.</u> ¶ 23.

According to Mālama Mākua, the 2001 settlement also required the Army to conduct and complete "subsurface archaeological surveys of all areas within the CCAAC [Company Combined Arms Assault Course] training area circumscribed by the south firebreak road," except for areas suspected of containing Improved Conventional Munitions ("ICMs").  <u>Id.</u> ¶¶ 11, 25.

This is not Mālama Mākua's first attempt to enforce the 2001 settlement agreement. <u>Id.</u> ¶ 27.  Mālama Mākua says that, as part of a 2007 settlement of a 2006 dispute relating to the earlier settlement, the Army again agreed to conduct "subsurface archaeological surveys of all areas within the CCAAC circumscribed by the south firebreak road," except for areas suspected of containing ICMs.  <u>Id.</u> ¶ 29.  Mālama Mākua alleges that the 2007 settlement reaffirmed the Army's

2

obligation to conduct "one or more studies to determine whether fish, limu, shellfish, and other marine resources near Mākua Beach and in the muliwai [brackish water pools near mouths of streams] on which area residents rely for subsistence are contaminated by substances associated with the proposed training activities at MMR." Id. ¶ 31. Mālama Mākua says that the Army also agreed to test marine resources for over forty chemicals.

Mālama Mākua alleges that, as part of the 2007 settlement, the Army agreed to seek public review of and comment on its archaeological surveys and contamination studies. Id. ¶ 6.

In early 2007, the Army sought public review of and comment on its "Archaeological Subsurface Survey Within the Company Combined Arms Assault Course (CCAAC) Circumscribed by the South Firebreak Road." Id. ¶ 37. Mālama Mākua complains that this survey omitted certain areas and did not include proper samples of areas it did test. Id. ¶¶ 38-40.

Also in early 2007, the Army sought public review and comment on a marine resources study of fish and limu. Mālama Mākua alleges that, in January 2009, the Army amended that study to include shellfish. Id. ¶¶ 42-43. Mālama Mākua says these studies violated the 2007 settlement requiring testing of fish, limu, shellfish, and other marine resources. Id. ¶ 44. Mālama Mākua alleges that the studies failed to satisfy settlement obligations in many ways, including focusing on the wrong type of limu. Id. ¶¶ 45-46.

Mālama Mākua alleges that the Army issued its EIS in June 2009 without having completed proper archaeological surveys and contamination studies. Id. ¶ 51.

On August 12, 2009, Mālama Mākua filed the present Complaint, asserting (1) that the

3

Army failed to properly complete
archaeological surveys, thereby violating
paragraph 6(c) of the 2001 settlement
agreement and paragraph 1 of the 2007
settlement agreement (First Claim for
Relief); (2) that the Army failed to properly
complete marine resources contamination
studies as required by paragraph 6(a) of the
2001 settlement agreement and paragraph 6 of
the 2007 settlement agreement (Second Claim
for Relief); (3) that the Army failed to
properly seek public input on the
archaeological surveys and marine resources
contamination studies in violation of
paragraphs 11 and 12 of the 2007 settlement
agreement (Third Claim for Relief); and
(4) that the Army failed to incorporate the
archaeological surveys and marine resources
contamination studies into the final EIS
(Fourth Claim for Relief).

On October 5, 2009, the Army moved to
dismiss the Complaint pursuant to Rule
12(b)(6) of the Federal Rules of Civil
Procedure, arguing that it had met all of its
obligations under the 2001 and 2007
settlement agreements and that Mālama Mākua
failed to state a viable claim.  The motion
to dismiss is denied with respect to the
First and Second Claims for Relief but
granted with respect to the Third and Fourth
Claims for Relief.

See Order Granting in Part and Denying in Part Defendants' Motion

to Dismiss at 1-5 (Nov. 18, 2009).

This court further ruled:

The court is not persuaded by the Army's
argument that Mālama Mākua's only remedy is
to challenge the sufficiency of the EIS,
rather than to bring an action to enforce
settlement agreements.  In paragraph 17 of
the 2007 settlement agreement, the parties
agreed that Mālama Mākua "reserve[d] its
right to bring subsequent actions challenging
[the Army's] compliance with [its] legal

> obligations, including, but not limited to,
> challenges to the adequacy of the
> archaeological surveys . . . and marine
> resource studies."  To hold otherwise would
> essentially render the settlement agreements
> meaningless.

Id. at 8.

II.     STANDARD.

Under Local Rule 74.1 and 28 U.S.C. § 636(b)(1)(A), a district court may set aside a Magistrate Judge's order regarding any pretrial matter (except those motions delineated in Local Rule 72.4(a)) only if that order is "clearly erroneous or contrary to law."  See also Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414-15 (9th Cir. 1991).  The threshold of the "clearly erroneous" test is high.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); Burdick v. Comm'r Internal Revenue Serv., 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

III.    ANALYSIS.

At issue on this appeal is Magistrate Judge Kobayashi's February 4, 2010, order allowing Mālama Mākua to conduct discovery.  The discovery apparently concerns various studies and

surveys that Defendants relied on in preparing the EIS called for in the settlement agreements.

This court affirms the Magistrate Judge's order of February 4, 2010.  Defendants have not demonstrated that the order is clearly erroneous or contrary to law.  Defendants argue that, notwithstanding the settlement agreements' language requiring them to prepare an EIS, this case is actually about whether Defendants complied with their obligations under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370e.  Defendants further argue that, because this is essentially a NEPA case, Mālama Mākua should be limited to rights that it would have had if this action had been asserted directly under NEPA, rather than under the settlement agreements.

Defendants' arguments either ignore or seek to reargue and rehash previous determinations by this court allowing Mālama Mākua to assert claims to enforce its rights under the settlement agreements.  If Mālama Mākua's discovery requests pertain to alleged breaches of the settlement agreements, rather than to violations of NEPA, then the court questions why the Administrative Procedures Act even applies.  Defendants seek a blanket determination that Mālama Mākua may not conduct discovery.  That argument is inconsistent with this court's previous determinations that the settlement agreements are enforceable and that the parties may conduct discovery regarding

6

enforcement of the agreements' provisions.  At page 16 of the

Amended Order Enforcing 2001 Settlement Agreement, Civ. No. 00-

00813 SOM-LEK (April 9, 2008), this court stated:

> The court requests that any party
> seeking future enforcement of the 2001
> Settlement Agreement consider filing an
> entirely new complaint, thereby commencing a
> new civil action.  This court would have
> independent jurisdiction over such a
> complaint under 28 U.S.C. §§ 1345-46, in
> addition, of course, to the jurisdiction
> conferred by Kokkonen v. Guardian Life Ins.
> Co., 511 U.S. 375 (1994).  This filing of a
> new "complaint" would help the parties to
> focus on newly arising issues and prevent
> confusion, given the voluminous case files
> and changing focus.  This process would also
> automatically allow the parties to conduct
> such discovery as a matter of course and
> would provide for the typical orderly
> scheduling.

This court therefore agrees with Magistrate Judge

Kobayashi that, to the extent Mālama Mākua seeks enforcement of

its rights under the settlement agreements, it may do so pursuant

to the principles announced in Kokkonen v. Guardian Life

Insurance Co., 511 U.S. 375 (1994).  In other words, to the

extent Mālama Mākua seeks a determination (1) that the Army

failed to properly complete archaeological surveys as required by

paragraph 6(c) of the 2001 settlement agreement and paragraph 1

of the 2007 settlement agreement (First Claim for Relief), and

(2) that the Army failed to properly complete marine resources

contamination studies as required by paragraph 6(a) of the 2001

settlement agreement and paragraph 6 of the 2007 settlement

agreement (Second Claim for Relief), Mālama Mākua is seeking to enforce its rights under the settlement agreements with the Government.  This is allowed by <u>Kokkonen</u>, 511 U.S. 375, which permits this court to retain jurisdiction to enforce the settlement agreements.

The court is unpersuaded by Defendants' contention that, because the original suit challenged Defendants' compliance with NEPA, and because the settlement agreements were entered into to settle the NEPA claims, Mālama Mākua's rights and remedies under the Settlement Agreement are limited to those provided by NEPA.  Defendants' argument, put another way, is that Mālama Mākua's right to discovery is limited by the Administrative Procedures Act and the limited waiver of sovereign immunity contained in that Act, given the genesis of the present dispute as a NEPA case.  Defendants' arguments ignore this court's continuing jurisdiction to enforce the settlement agreements, which give rise to rights not afforded under NEPA.

Defendants do not demonstrate that Mālama Mākua's discovery requests are irrelevant to their settlement agreement claims.  As framed by the allegations of the Complaint, this case does not involve a review of an administrative decision such that this court should limit the record to what was before an administrative agency pursuant to the Administrative Procedures Act.  Paragraph 15(a) of the October 2001 settlement agreement

8

specifically provides that either party may seek enforcement of its terms with this court.  In filing this action, Mālama Mākua is attempting to enforce its rights under that paragraph, not under NEPA.

This court has consistently maintained that it has continuing jurisdiction to enforce the settlement agreements. There has been no determination that Mālama Mākua's claims under the settlement agreements are barred by Defendants' sovereign immunity.  Nor do Defendants show clear error in Magistrate Judge Kobayashi's determination that Defendants waived sovereign immunity with respect to contractual obligations set forth in the settlement agreements.

IV.      CONCLUSION.

Because Defendants have failed to demonstrate that the discovery order of February 4, 2010, is clearly erroneous or contrary to law, that order is affirmed.  Given this affirmance,

Defendants' companion request for a stay of discovery pending the outcome of this appeal is denied as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 24, 2010.



  /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Mālama Mākua v. Gates, et al.; Civil No. 09-00369 SOM/LEK; ORDER AFFIRMING FEBRUARY 4, 2010, DISCOVERY ORDER